UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONNIE LEE MOODY,<br><br>    Plaintiff,<br><br>    v.<br><br>SIMMS, et al.,<br><br>    Defendants. | Case No. 15-cv-04198-JSC<br><br>**ORDER OF SERVICE AND OF PARTIAL DISMISSAL WITH LEAVE TO AMEND** |

## INTRODUCTION

Plaintiff, a state prisoner, filed this pro se civil rights complaint under 42 U.S.C. § 1983 against San Francisco County Sheriff's deputies for violating his rights while he was incarcerated at the San Francisco County Jail.[1] Plaintiff's application to proceed *in forma pauperis* is granted in a separate order. For the reasons explained below, the complaint is ordered served upon Defendants Neu, Bliss and Chiba, and the claims against Defendants Simms, Trubin and Clark are dismissed with leave to amend.

## STANDARD OF REVIEW

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." *Id.* § 1915A(b).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the

---

[1] Plaintiff consented to the jurisdiction of a United States Magistrate Judge pursuant to 28 U.S.C. § 636(c). (Dkt. No. 1.)

claim showing that the pleader is entitled to relief." "Specific facts are not necessary; the statement need only give the defendant fair notice of what the . . . . claim is and the grounds upon which it rests." *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007) (citations omitted). Although to state a claim a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to provide the grounds of his entitle[ment] to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007) (citations omitted). A complaint must proffer "enough facts to state a claim for relief that is plausible on its face." *Id.* at 1974. Pro se pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

## LEGAL CLAIMS

Plaintiff alleges that while he was waiting for treatment at San Francisco General Hospital on February 6, 2015, Officer Simms used excessive force against him.

He further alleges that on March 25, 2015, Officers Neu, Chiba and Bliss dragged him out of his cell even though they knew he had a broken hand. They then punched him in the face while he was in a "safety cell." The next day, they dragged him from the safety cell back to his cell, tasered, punched and kicked him, and then forced him under his bed.

Plaintiff's allegations, when liberally construed, state cognizable claims for the use of excessive force by Defendants Neu, Chiba and Bliss. He has not stated a cognizable claim against Simms, however. A person deprives another of a constitutional right within the meaning of section 1983 if he does an affirmative act, participates in another's affirmative act or omits to perform an act which he is legally required to do, that causes the deprivation of which the plaintiff complains. *Leer v. Murphy*, 844 F.2d 628, 634 (9th Cir. 1988). Plaintiff has not alleged a cognizable claim against Simms because he has not alleged any actions or omissions by Simms,

such as the type or amount of force, or the circumstances surrounding the use of force.  In his pleadings, "[a] plaintiff must allege facts, not simply conclusions, that show that an individual was personally involved in the deprivation of his civil rights."  *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998).  Plaintiff's allegation that Simms used excessive force is a conclusory allegation that, without more, is not sufficient to state a cognizable claim against him.  Plaintiff will be granted leave to amend his complaint to allege specific facts about Simms's use of force, such as the type and amount of force he used, the circumstances that led up to his use of force, and any harm or pain Plaintiff suffered as a result of that force.

Plaintiff also names Officers Trubin and Clark as Defendants, but he makes no allegations whatsoever against them.  If he wishes to pursue claims against them, he must allege in his amended complaint what actions or omissions they took that caused excessive force to be applied against Plaintiff.

## CONCLUSION

1.	The claims against Officer Simms, Officer Trubin, and Officer Clark are DISMISSED with leave to amend.  If Plaintiff wishes to pursue his claims against them, he must file an amended complaint within **twenty eight (28) days from the date this order is filed**.  The amended complaint **must** include the caption and civil case number used in this order (No. C 15-4198 JSC (PR)) and the words "COURT-ORDERED FIRST AMENDED COMPLAINT" on the first page.  Because an amended complaint completely replaces the original complaint, *see Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992), Plaintiff may not incorporate material from the original by reference.  That is, he must include the claims against the other Defendants in any amended complaint, and if he does not, those claims will be dismissed and will no longer be a part of this case.  <u>Failure to amend within the designated time and in accordance with this order will result in the dismissal of the claims against Defendants Simms, Trubin and Clark, and this case will proceed only against Defendants Neu, Chiba and Bliss.</u>

2.	The Clerk shall issue a summons and Magistrate Judge jurisdiction consent form and the United States Marshal shall serve, without prepayment of fees, the summons, Magistrate Judge jurisdiction consent form, a copy of the complaint with attachments and a copy of this order

3

on Defendants **Deputy Neu, Deputy Bliss, and Deputy Chiba** at **the San Francisco County Sheriff's Department.**

The Clerk shall also mail a courtesy copy of the Magistrate Judge jurisdiction consent form, the complaint with all attachments and a copy of this order, to the San Francisco City Attorney's Office.

3. The served Defendants shall each complete and file their own Magistrate Judge jurisdiction consent form within the deadline provided on the form. They shall also file an answer in accordance with the Federal Rules of Civil Procedure.

5. To expedite the resolution of this case:

a. No later than **91** days from the date this order is issued, the served Defendants shall file a motion for summary judgment or other dispositive motion. The motion shall be supported by adequate factual documentation and shall conform in all respects to Federal Rule of Civil Procedure 56, and shall include as exhibits all records and incident reports stemming from the events at issue. If Defendants are of the opinion that this case cannot be resolved by summary judgment, they shall so inform the Court prior to the date the summary judgment motion is due. All papers filed with the Court shall be promptly served on Plaintiff.

b. At the time the dispositive motion is served, Defendants shall also serve, on a separate paper, the appropriate notice required by *Rand v. Rowland*, 154 F.3d 952, 953-954 (9th Cir. 1998) (en banc). *See Woods v. Carey*, 684 F.3d 934, 940-941 (9th Cir. 2012).

c. Plaintiff's opposition to the dispositive motion, if any, shall be filed with the Court and served upon Defendant Soto no later than **28** days from the date the motion is filed. Plaintiff must read the attached page headed "NOTICE -- WARNING," which is provided to him pursuant to *Rand v. Rowland*, 154 F.3d 952, 953-954 (9th Cir. 1998) (en banc).

d. Defendants shall file a reply brief no later than **14** days after the opposition is filed.

e. The motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion unless the court so orders at a later date.

6. All communications by Plaintiff with the Court must be served on Defendants, or

4

Defendants' counsel once counsel has been designated, by mailing a true copy of the document to Defendants or Defendants' counsel.

7.   Discovery may be taken in accordance with the Federal Rules of Civil Procedure. No further Court order under Federal Rule of Civil Procedure 30(a)(2) is required before the parties may conduct discovery.

8.   It is Plaintiff's responsibility to prosecute this case.  Plaintiff must keep the Court informed of any change of address by filing a separate paper with the clerk headed "Notice of Change of Address."  He also must comply with the Court's orders in a timely fashion.  Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).  Reasonable requests for an extension of a deadline will be allowed upon a showing of good cause if the request is filed prior to the deadline.

**IT IS SO ORDERED.**

Dated: December 11, 2015

_____
JACQUELINE SCOTT CORLEY
United States Magistrate Judge

**NOTICE -- WARNING (SUMMARY JUDGMENT)**

If Defendants move for summary judgment, they are seeking to have your case dismissed. A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.

Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact-- that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in Defendant's declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted, your case will be dismissed and there will be no trial.