UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONNIE LEE MOODY,<br><br>    Plaintiff,<br><br>    v.<br><br>SIMMS, et al.,<br><br>    Defendants. | Case No. 15-cv-04198-JSC<br><br>**ORDER OF SERVICE; SCHEDULING DISPOSITIVE MOTION** |

## INTRODUCTION

Plaintiff, now a state prisoner, filed this pro se civil rights complaint under 42 U.S.C. § 1983 against San Francisco County Sheriff's deputies for violating his rights while he was incarcerated at the San Francisco County Jail.[1] The Court reviewed the complaint and found that the claims of excessive force against Defendants Neu, Bliss and Chiba were cognizable, but that Plaintiff did not state cognizable claims against Defendants Sims, Trubin and Clark. The claims against Sims, Trubin and Clark were therefore dismissed with leave to amend. Plaintiff filed a timely First Amended Complaint ("FAC"). The Court has reviewed the FAC pursuant to 28 U.S.C. § 1915A. For the reasons discussed below, the FAC states cognizable claims against all six Defendants named in the original complaint as well as a new Defendant (Brown), and service is accordingly ordered upon Defendants Sims, Trubin, Clark and Brown.[2] The schedule for Defendants New, Bliss and Chiba to file a dispositive motion is extended to coincide with the deadline for the currently unserved Defendants to file such a motion.

---

[1] Plaintiff consented to the jurisdiction of a United States Magistrate Judge pursuant to 28 U.S.C. § 636(c). (Dkt. No. 1.)
[2] Neu, Chiba and Bliss were served on December 29, 2015, but have not yet appeared. (Dkt. No. 12.)

**STANDARD OF REVIEW**

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." *Id.* § 1915A(b).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." "Specific facts are not necessary; the statement need only give the defendant fair notice of what the . . . . claim is and the grounds upon which it rests." *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007) (citations omitted). Although to state a claim a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to provide the grounds of his entitle[ment] to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007) (citations omitted). A complaint must proffer "enough facts to state a claim for relief that is plausible on its face." *Id.* at 1974. Pro se pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

**LEGAL CLAIMS**

Plaintiff reiterates his allegations from the original complaint that Defendants Neu, Chiba and Bliss used excessive force against him on March 25-26, 2015. In his amended complaint, he adds allegations that Officers Trubin and Clark participated in this use of force. He further alleges that on February 6, 2015, Officer Brown twisted Plaintiff's wrist while Officer Simms hit him in the face, grabbed his neck, shoved fingers into his nostrils, and twisted and bent his head and

fingers. These allegations, when liberally construed, state cognizable claims against Defendants Trubin, Clark, Simms, Brown, Neu, Chiba and Bliss, for the use of excessive force against Plaintiff.

## CONCLUSION

1. The Clerk shall issue a summons and Magistrate Judge jurisdiction consent form and the United States Marshal shall serve, without prepayment of fees, the summons, Magistrate Judge jurisdiction consent form, a copy of the First Amended Complaint with attachments and a copy of this order on Defendants **Officer Trubin, Officer Clark, Officer Simms, and Officer Brown,** at the **San Francisco County Jail**.

The Clerk shall also mail a courtesy copy of the First Amended Complaint with all attachments and the Magistrate Judge jurisdiction consent form to the San Francisco City Attorney's Office.

2. Defendants Trubin, Clark, Simms, and Brown shall complete and file the Magistrate Judge jurisdiction consent form within the deadline provided on the form.

3. Defendants shall file an answer to the First Amended Complaint in accordance with the Federal Rules of Civil Procedure.

4. To expedite the resolution of this case:

a. The deadline for the served Defendants (Neu, Chiba and Bliss) to file a motion for summary judgment or other dispositive motion is extended to correspond with the deadline for the Defendants ordered served herein to file such a motion, i.e. no later than **91 days** from the date this order is issued, all Defendants shall file a motion for summary judgment or other dispositive motion. The motion shall be supported by adequate factual documentation and shall conform in all respects to Federal Rule of Civil Procedure 56, and shall include as exhibits all records and incident reports stemming from the events at issue. If Defendants are of the opinion that this case cannot be resolved by summary judgment, they shall so inform the Court prior to the date the summary judgment motion is due. All papers filed with the Court shall be promptly served on Plaintiff.

b. At the time the dispositive motion is served, Defendants shall also serve, on a

3

separate paper, the appropriate notice required by *Rand v. Rowland*, 154 F.3d 952, 953-954 (9th Cir. 1998) (en banc).  *See Woods v. Carey*, 684 F.3d 934, 940-941 (9th Cir. 2012).

    c. Plaintiff's opposition to the dispositive motion, if any, shall be filed with the Court and served upon Defendants no later than **28** days from the date the motion is filed. Plaintiff must read the attached page headed "NOTICE -- WARNING," which is provided to him pursuant to *Rand v. Rowland*, 154 F.3d 952, 953-954 (9th Cir. 1998) (en banc).

    d. Defendants shall file a reply brief no later than **14** days after the opposition is filed.

    e. The motion shall be deemed submitted as of the date the reply brief is due.  No hearing will be held on the motion unless the court so orders at a later date.

  5. All communications by Plaintiff with the Court must be served on Defendants or Defendants' counsel by mailing a true copy of the document to Defendants or Defendants' counsel.

  6. Discovery may be taken in accordance with the Federal Rules of Civil Procedure. No further Court order under Federal Rule of Civil Procedure 30(a)(2) is required before the parties may conduct discovery.

  7. It is Plaintiff's responsibility to prosecute this case.  Plaintiff must keep the Court informed of any change of address by filing a separate paper with the clerk headed "Notice of Change of Address."  He also must comply with the Court's orders in a timely fashion.  Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).  Reasonable requests for an extension of a deadline will be allowed upon a showing of good cause if the request is filed prior to the deadline.

**IT IS SO ORDERED.**

Dated: January 26, 2016

                                 _____
                                 JACQUELINE SCOTT CORLEY
                                 United States Magistrate Judge

**NOTICE -- WARNING (SUMMARY JUDGMENT)**

If Defendants move for summary judgment, they are seeking to have your case dismissed. A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.

Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact-- that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in Defendant's declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted, your case will be dismissed and there will be no trial.