UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONNIE LEE MOODY,<br><br>    Plaintiff,<br><br>    v.<br><br>SIMMS, et al.,<br><br>    Defendants. | Case No. 15-cv-04198-JSC<br><br>**ORDER DENYING LEAVE TO FILE SECOND AMENDED COMPLAINT; GRANTING EXTENSION OF TIME**<br><br>Re: Dkt. Nos. 53, 55 |

Plaintiff, a California prisoner proceeding pro se, filed this civil rights action under 42 U.S.C. § 1983 against eight San Francisco County Sheriff's deputies for violating his rights while he was incarcerated at the San Francisco County Jail.[1] On December 30, 2015, he filed an amended complaint. After deposing Plaintiff, Defendants filed a motion for summary judgment on August 19, 2016. On August 22, 2016, Plaintiff filed a motion for leave to file a second amended complaint, which Defendants oppose. On September 8, 2016, Plaintiff filed a motion for an extension of time in which to file an opposition to the motion for summary judgment.

As Defendants oppose Plaintiff's request to file a second amended complaint, Plaintiff must obtain leave of court. *See* Fed. R. Civ. P. 15(a). Federal Rule of Civil Procedure 15(a) is to be applied liberally in favor of amendments and, in general, leave shall be freely given when justice so requires. *Janicki Logging Co. v. Mateer*, 42 F.3d 561, 566 (9th Cir. 1994). Leave need not be granted where the amendment of the complaint would cause the opposing party undue prejudice, is sought in bad faith, constitutes an exercise in futility, or creates undue delay. *Id*. A district court's discretion to deny leave to amend is particularly broad where, as here, the plaintiff

---

[1] The parties consented to the jurisdiction of a United States Magistrate Judge pursuant to 28 U.S.C. § 636(c). (ECF Nos. 1, 24.)

has previously filed an amended complaint.  *Wagh v. Metris Direct, Inc.*, 363 F.3d 821, 830 (9th Cir. 2003).

Plaintiff seeks to file a second amended complaint in order to add a new claim against a new defendant.  "A party asserting a claim, counterclaim, crossclaim, or third-party claim may join, as independent or alternative claims, as many claims as it has against an opposing party."  Fed. R. Civ. P. 18(a).  Accordingly, "multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2."  *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007).  Plaintiff wishes to add a new claim against a San Francisco police officer for allegedly using excessive force during Plaintiff's arrest.  His pending claims are against officers of the San Francisco Sheriff's Department for using excessive force, not during his arrest but on different occasions in the San Francisco County Jail and in the jail's medical unit at San Francisco General Hospital.  Granting leave to file the second amended complaint would therefore result in Plaintiff having unrelated claims against different defendants in a single lawsuit.  "Unrelated claims against different defendants belong in different suits," not only to prevent the sort of "morass" that a multi-claim, multi-defendant suit can produce, "but also to ensure that prisoners pay the required filing fees – for the Prison Litigation Reform Act limits to three the number of frivolous suits or appeals that any prisoner may file without prepayment of required fees."  *Id*. (citing 28 U.S.C. § 1915(g)).  Plaintiff may bring his new claim of excessive force during his arrest in a new lawsuit, but he may not add it to this case in a second amended complaint.  Accordingly, the motion for leave to file a second amended complaint is DENIED.

Plaintiff's motion for an extension of time in which to file an opposition to the motion for summary judgment is GRANTED.  His opposition is due on or before **October 30, 2016**.  Defendants **shall** file a reply brief within **14 days** of the date any opposition is filed.

**IT IS SO ORDERED.**

Dated: September 30, 2016

JACQUELINE SCOTT CORLEY
United States Magistrate Judge

2